UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MIRNA WELLS BELTRAN,** | § | |
| | § | |
| Petitioner, | § | |
| | § | **CRIMINAL ACTION NO. C-06-574** |
| v. | § | |
| | § | **CIVIL ACTION NO. C-07-347** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Petitioner Mirna Wells Beltran's ("Beltran") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 21).[1] The Court ordered the Government to respond and the Government filed a Motion for Summary Judgment (Dkt. No. 29). Therein, the Government moved to expand the record to include the affidavit of Beltran's counsel, Fred Jimenez ("Mr. Jimenez"), which the Court grants. Beltran has responded to the Government's motion and Mr. Jimenez's affidavit. After considering the parties' arguments and the applicable law, the Court is of the opinion that the Government's Motion for Summary Judgment should be granted in part and denied in part. On the limited issue of whether Beltran was denied her right to appeal, the Court will hold an evidentiary hearing as set forth below.

**Background**

On August 23, 2006, Beltran was indicted on one count of knowingly and intentionally possessing with intent to distribute approximately 834 kilograms of marihuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Dkt. No. 8. On September 25, 2006, Beltran entered a plea of guilty regarding the count contained in the indictment. Dkt. No. 12. The plea agreement included a

---

[1] Citations in this order refer to Criminal Action No. C-06-574.

waiver of Beltran's right to appeal the conviction and "the sentence imposed or the manner in which it was determined," with limited exceptions, and her right to collaterally attack her conviction and sentence under 28 U.S.C. § 2255. *Id.* ¶ 7. Accordingly, Beltran was sentenced on February 15, 2007, and judgment was entered five days later, on February 20, 2007. Consistent with the terms of her plea agreement, Beltran did not perfect a direct appeal from her conviction or sentence. Approximately six months later, on August 20, 2007, Beltran filed her motion pursuant to 28 U.S.C. § 2255, which she penned under the penalty of perjury. Dkt. No. 21.

Mr. Jimenez represented Beltran as her court-appointed attorney. Dkt. No. 6; Dkt. No. 29, Ex. 1. According to Mr. Jimenez's affidavit, Mr. Jimenez visited with Beltran on numerous occasions, albeit not always in person, to discuss the relevant charges. Dkt. No. 29, Ex. 1. Although the exact details concerning the matters discussed between Mr. Jimenez and Beltran are not entirely clear, Mr. Jimenez avers he advised Beltran as to issues surrounding her plea agreement, the meaning and affect of her presentence report ("PSI"), the possible sentencing guideline range that may attach and the Government's discretion as to whether to move for a downward departure based on Beltran's cooperation. *Id.* Beltran denies this and broadly asserts that Mr. Jimenez failed to aid her understanding of the guilty plea and its consequences. Beltran claims in a similarly summary fashion that Mr. Jimenez did not spend sufficient time on her case, advise her of her right to appeal or the affect of her waiver thereof, advise her as to the sentence range she would be subject to under the guidelines and generally failed to aid her in proceeding through her criminal action. Beltran also appears to assert that she asked Mr. Jimenez to file an appeal and he failed to do so, an assertion which Mr. Jimenez bluntly disavows.

**Legal Standard**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct her sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**Claims and Allegations**

Reading Beltran's filings liberally, the Court understands her to assert the following grounds for relief:

> (1) Ineffective assistance of counsel based on Mr. Jimenez's failure to properly explain to Beltran the criminal process as it relates to her case, which rendered her guilty plea involuntary;
>
> (2) Ineffective assistance of counsel based on Mr. Jimenez's failure to explain the consequences of signing the plea agreement, which rendered her guilty plea involuntary;
>
> (3) Ineffective assistance of counsel based on Mr. Jimenez's failure to advise her of her right to appeal, which rendered her guilty plea involuntary; and
>
> (4) Ineffective assistance of counsel based on Mr. Jimenez's failure to perfect appeal after being specifically instructed to do so.

**Analysis**

A.   **Ineffective Assistance of Counsel and Voluntariness of the Plea Agreement**

Beltran claims that Mr. Jimenez rendered ineffective assistance of counsel and that such

ineffective assistance undermined the voluntariness of her guilty plea.

### 1. Ineffective Assistance Standard of Review

The Supreme Court, in *Strickland v. Washington*, 466 U.S. 668 (1984), set forth the basic framework for evaluating ineffective assistance of counsel claims. To succeed on an ineffective assistance claim a petitioner must make two showings. The petitioner must first must demonstrate that her lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Then she must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (requiring a defendant to show that counsel's errors deprives the accused of a substantive or procedural right, thereby rendering the trial proceedings unfair or the result unreliable). The *Strickland* test is equally applicable in the plea bargain context, but the second prong of the analysis is addressed to whether or not a defendant would have proceeded to trial instead of accepting the plea. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

Review of Beltran's claims is greatly constrained by her guilty plea, which is presumptively valid. As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Likewise, "a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). The validity of a guilty plea may be challenged only on the grounds that it was made on the constitutionally defective representation of counsel or that the defendant could not have understood the terms of the bargain she agreed to. *See id.* (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

"A federal court will uphold a guilty plea challenged in a habeas proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A guilty plea is considered knowing and voluntary so long as a defendant knows "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). As long as Beltran "understood the length of time [s]he might possibly receive, [s]he was fully aware of [her] plea's consequences." *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982). Additionally, any of Beltran's declarations at her rearraignment hearing concerning the voluntariness of her guilty plea or the waivers contained therein carry a "strong presumption of verity." *United States v. Wilkes*, 20 F.3d 651 653 (5th Cir. 1994) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

### 2.    **Application of the Standard**

Beltran appears to challenge the voluntariness of her guilty plea on the grounds that Mr. Jimenez failed to (a) adequately explain the criminal process as it related to her case; (b) discuss with her the consequences of signing the plea agreement; and (c) advise her of her right to appeal.

The record reveals that during her rearraignment hearing Beltran solemnly acknowledged that (a) she read and voluntarily signed the plea agreement (Dkt. No. 27 at p.15); (b) discussed with her attorney and understood the nature of the terms therein (Dkt. No. 27 at pp.12-15); and (c) comprehended the penalty range for her offense (Dkt. No. 27 at 17). Indeed, the prosecutor summarized the essential terms of the plea agreement into the record, including the portion pertaining to waiver of right to appeal (Dkt. No. 27 at pp. 4-7), and Beltran informed the Court that she heard the prosecutor's summary and understood the terms of the agreement (Dkt. No. 27 at 7). The Court, pursuant to its duty under FED. R. CRIM. P. 11, inquired into Beltran's understanding of her waiver of

the rights to appeal and otherwise collaterally attack her conviction and sentence and Beltran indicated she understood her waiver of such rights (Dkt. No. 27 at pp. 18-19). Beltran stated that she discussed the waiver with her attorney, appreciated the ramifications and did not have any questions about the waiver she signed (Dkt. No. 27 at pp. 18-19). Consistent with the portions of the record cited above, Beltran at no time indicated she was pressured by her attorney to enter into the plea agreement or raised any issue that would indicate her attorney's performance was objectively deficient or that Beltran herself felt Mr. Jimenez failed to adequately represent her. Based on the foregoing, the Court determined that Beltran's plea was knowing and voluntary (Dkt. No. 27 at p.33). The record, in other words, shows that Beltran was advised of the charges against her and the consequences of her plea, satisfied with her attorney's performance and that her decision to plead guilty was voluntary and informed. Beltran, moreover, fails to establish that she would not have plead guilty but for her attorney's alleged misconduct.

     The Supreme Court has recognized that the various advantages of the plea bargaining system "can be secured . . . only if dispositions by guilty plea are accorded a great measure of finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). Thus, "the representations of the defendant, his lawyer, and the prosecutor [in open court], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 73-74. Beltran's allegations simply fail to overcome this barrier.

     Beltran points to nothing in the record aside from her own conclusory and self-serving statements to indicate that her decision to plead guilty was involuntary or unknowing. For Beltran to show that her plea was involuntary, she must show either that she did not "understand the nature of the constitutional protections that [s]he was waiving," or that she had "such an incomplete

understanding of the charge that [her] plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 (1976). Considering all relevant circumstances and the evidence before the Court, the Court concludes that Beltran's guilty plea was entered knowingly and voluntarily as a matter of law and her challenge on such a basis is denied.[2]

**B.     Ineffective Assistance for Failure to Appeal**

The Supreme Court has stated that a lawyer's disregarding a defendant's specific instructions to file a notice of appeal constitutes per se ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). Moreover, a pro se petitioner need not state the grounds on which she would have appealed, had the opportunity not been denied. *Rodriquez*, 395 U.S. at 330 (1969). A recent Fifth Circuit opinion makes clear that this rule applies even where a defendant has waived her right to direct appeal and collateral review. *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007) (holding that, although a waiver of appellate and § 2255 rights existed, an evidentiary hearing was required where the defendant's § 2255 motion alleged that counsel failed to appeal despite a request from the defendant to do so).

Beltran asserted under penalty of perjury the following: "petitioner requested counsel to file her appeal but counsel was so ineffective that never help petitioner in the process of her case." Dkt. No. 21 at p.19. Although this assertion was made in the midst of other allegations which generally appear to contend that Mr. Jimenez's representation was constitutionally defective because he failed

---

[2] The Court notes that to the extent Beltran could be understood as arguing for relief on any basis aside from the ineffective assistance undermining the voluntariness of her plea, because the Court has concluded that her plea was entered into knowingly and voluntarily as a matter of law, it also must conclude that she has waived all complaints regarding such errors. *See Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987) ("having entered a guilty plea, [a habeas petitioner's] sixth amendment challenge is limited to the issues of the voluntariness and his understanding of the nature of the charges brought against him and the consequences of his plea"; *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (guilty pleas waive all claims concerning attorney error unrelated to the guilty plea itself).

to *advise Beltran of her right to appeal*, because the Court liberally construes Beltran's petition, it will deem this statement an allegation of a denial of the right of appeal when one was specifically requested, which suffices to allege both unreasonable performance and prejudice as required under *Strickland*. *See Flores-Ortega*, 528 U.S. at 483-86; *Tapp*, 491 F.3d at 265-66.

Moreover, because the record is not sufficient to allow the Court to determine the issue of whether Mr. Jimenez was instructed to file an appeal, the Court believes that an evidentiary hearing is required. *See* 28 U.S.C. 2255, Rule 8. If Beltran is able to demonstrate by a preponderance of the evidence that she requested an appeal, prejudice will be presumed and Beltran will be entitled to file and out-of-time appeal, regardless of whether she is able to identify any arguably meritorious ground for appeal that would not be precluded by the terms of her appeal waiver.

**Conclusion**

Based on the foregoing, the Court will hold an evidentiary hearing on the limited issue of whether Beltran was denied effective assistance of counsel due to her counsel's alleged failure to appeal.

The evidentiary hearing is set for 9:30 a.m. on July 29, 2008.

Beltran is entitled to be represented by counsel at the hearing. *See* Rules Governing Section 2255 Proceedings 8(c). Accordingly, attorney Irma Sanjines, is hereby appointed to represent Beltran. The Clerk is directed to send a copy of this Order to Beltran, Beltran's appointed attorney for the evidentiary hearing and counsel for the United States.

It is so ORDERED.

Signed this 24th day of July, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE