UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **MIRNA WELLS BELTRAN,** § | |
| § | |
| Petitioner, § | |
| § | **CRIMINAL ACTION NO. C-06-574** |
| v. § | |
| § | **CIVIL ACTION NO. C-07-347** |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Petitioner Mirna Wells Beltran's ("Beltran") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 21).[1] The Court ordered the Government to respond and the Government filed a Motion for Summary Judgment (Dkt. No. 29), wherein the Government moved to expand the record to include the affidavit of Beltran's counsel, Fred Jimenez ("Jimenez"). In an Order dated July 24, 2008 (Dkt. No. 33), the Court granted the Government's motion to expand the record, granted in part and denied in part the Government's summary judgment motion, and scheduled an evidentiary hearing on the sole remaining issue of whether Beltran was denied effective assistance of counsel due to her counsel's alleged failure to appeal upon explicit request to do so. Accordingly, the Court held an evidentiary hearing on July 29, 2008, at which both Jimenez and Beltran testified. After considering the parties' arguments, the record, and the applicable law, the Court is of the opinion that Beltran was not denied effective assistance of counsel due to her counsel's failure to appeal and her Motion to Vacate, Set Aside, or Correct Sentence should be denied.

---

[1] Citations in this order refer to Criminal Action No. C-06-574.

**Background**

In August 2006, Beltran was indicted on one count of knowingly and intentionally possessing with intent to distribute approximately 834 kilograms of marihuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Dkt. No. 8. On September 25, 2006, Beltran pleaded guilty to the count contained in the indictment. Dkt. No. 12. Accordingly, Beltran debriefed to the Government in hopes that her cooperation would lead to the Government filing a 5K1.1 motion for downward departure. *See* Dkt. No. 12; U.S. SENTENCING GUIDELINES MANUAL § 5K1.1. The Government, however, never filed a 5K1.1 motion and Beltran was sentenced on February 15, 2007. The Court entered judgment five days later, on February 20, 2007. Beltran did not perfect a direct appeal from her conviction or sentence. *See* Dkt. No. 12. Approximately six months later, on August 20, 2007, Beltran filed her § 2255 motion. Dkt. No. 21.

At all times, Jimenez represented Beltran as her court-appointed attorney. Dkt. No. 6; Dkt. No. 29, Ex. 1. In response to Beltran's allegation that she asked her attorney to file an appeal and he failed to do so, Jimenez bluntly avowed that no such request was made. Dkt. No. 29, Ex. 1.

The Court, faced with competing versions of the events in question, the resolution of which would turn on the credibility of the parties, was unable to conclusively determine from the record that Beltran was not entitled to relief. Accordingly, the Court ordered an evidentiary hearing to be held on July 29, 2008. Dkt. No. 33.

Beltran was represented at this hearing by Irma Sanjines ("Sanjines"). Sanjines called both Beltran and Jimenez as witnesses, and both witnesses were subject to cross-examination by the Government as well as additional questioning from the Court. Beltran's emotional testimony revealed that she was primarily upset over the Government's failure to file a motion for downward departure

in relation to her sentencing. During her testimony, Beltran admitted that she did not instruct Jimenez to file an appeal, but rather she merely asked her attorney to "do something" to reduce her sentence in the face of the Government's failure to file a 5K1.1 motion.

Jimenez's testimony largely corroborated that delivered by Beltran in that he shared her surprise at the Government's failure to move for downward departure. Although he admitted to not having consulted with Beltran after sentencing as to whether or not she should file an appeal, Jimenez credibly testified that he advised Beltran of her rights and waiver thereof before sentencing; Beltran chose to enter a plea of guilty; Beltran—on numerous occasions—debriefed to the Government to the best of her ability; both Jimenez and Beltran hoped her actions would spur the Government to move for a reduced sentence; and Beltran did not request Jimenez to initiate an appeal. In response to Beltran's post-sentencing request that Jimenez "do something," Jimenez stated that he informed Beltran he would work with the Government with the aim of it later filing a Rule 35(b) motion to reduce her sentence. *See* FED. R. CRIM. P. 35(b).

## Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**Discussion**

The sole issue at hand is whether Jimenez provided constitutionally defective counsel to Beltran in regards to her pursuit of an appeal. As noted, in her § 2255 motion, Beltran contends that Jimenez's failure to file an appeal based on her explicit instruction to do so constituted ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court laid out the basic framework for evaluating ineffective assistance of counsel claims. To succeed on an ineffective assistance claim a movant must make two showings. First, he must demonstrate that his lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Then he must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Supreme Court has clearly instructed that it is professionally unreasonable for a lawyer to disregard a defendant's specific instructions to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). Such action by an attorney would establish both deficient performance and prejudice, whether or not the potential appeal appears meritorious. *Id.* at 478-79.

After hearing the testimony of Beltran and Jimenez at the evidentiary hearing, the Court has little trouble denying the remaining claim from Beltran's § 2255 motion. Although Beltran's § 2255 motion contained an allegation that upon her instruction to file an appeal, Jimenez failed to do so, such an assertion was uniformly rejected by both witnesses at the evidentiary hearing. Beltran, on numerous occasions, clearly and credibly stated that she never asked Jimenez to pursue an appeal on her behalf. Rather, the clear thrust of Beltran's testimony was merely that she was upset over the Government's lack of action and wished for her counsel to "do something," assertions over which

there is no disagreement.

Based on the foregoing, the Court finds that Beltran at no time requested Jimenez file an appeal on her behalf and he cannot be held ineffective for failing to file a notice of appeal on such a theory.[2] *Flores-Ortega*, 528 U.S. at 477.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Beltran must obtain a certificate of appealability ("COA") before she can appeal this Order dismissing his motion. To obtain a COA, Beltran must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Beltran must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Beltran has not made a substantial showing of the denial of a constitutional right. The issuance of a COA in this action is therefore denied.

---

[2] To the extent Beltran could be understood as claiming ineffective assistance based on Jimenez's failure to consult with her after sentencing regarding a potential appeal, Jimenez's failure to do so can only be considered constitutionally defective assistance if a constitutionally-imposed duty to so consult existed. *Flores-Ortega*, 528 U.S. at 478-79. The Supreme Court has instructed that such a duty arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.*(internal citation omitted).

Taking into account the information then available to Jimenez, including Beltran's waiver of her right to appeal, the potential that an appeal might only serve to lessen the chances the Government would file a Rule 35(b) motion, and that such an appeal would almost certainly be futile considering the broad discretion a prosecutor has in choosing whether to file either a 5K1.1 motion or Rule 35(b) motion, the Court finds that no rational defendant would have desired an appeal in these circumstances. Similarly, it is clear that Beltran did not demonstrate to counsel an interest in seeking an appeal. As stated above, the thrust of Beltran's testimony was that she merely desired a reduced sentence and Jimenez's continued assistance in obtaining the appropriate government action. Thus, to the extent the Court could read Beltran's claims as a claim of ineffective assistance for failure to consult with her regarding a potential appeal, such a claim clearly fails.

**Conclusion**

Based on the foregoing, Beltran's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**. A Certificate of Appealability shall not issue.

It is so **ORDERED**.

Signed this 6th day of August, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE